**Kathleen Lois Bowen Haase SMITH,
Appellant,**

**v.**

**Andrew M. HAASE, Appellee.**

Supreme Court of Tennessee.

March 3, 1975.

Don G. Owens, III, Memphis, for appellant.

Harry M. Beaty, Jr., Memphis, for appellee.

## OPINION

HENRY, Justice.

This domestic relations action involves the power or jurisdiction of a trial judge to modify the terms of a child support decree during the pendency of an appeal.

The record before the Court on this direct appeal consists of a petition for the modification of a decree of child support and the order entered pursuant thereto. However, there also pends before this Court a petition for certiorari involving the same decree. An examination of the two rec-

ords and the respective briefs of counsel indicate that the facts are undisputed.

On July 17, 1964, pursuant to the sworn petition of the appellant herein, under the Uniform Reciprocal Support Act, a decree was entered requiring appellee to pay the sum of $200.00 per month as child support.

On September 27, 1973, appellant filed a petition to enforce the aforesaid decree and for judgment for the arrearage. Pursuant to this petition, the Circuit Judge remitted or forgave all arrearage except $300.00 and reduced the child support payments to $50.00 per month. This decree was entered on December 14, 1973.

The appellant perfected her appeal to the Court of Appeals for the Western Section which affirmed the trial court on June 24, 1974. On August 30, 1974, appellant filed her petition for certiorari, which is now pending before this Court.

In the meantime, on July 17, 1974, after the Court of Appeals had affirmed the trial judge, but before petition for certiorari had been filed in this Court, appellant filed her petition in the Circuit Court of Shelby County, seeking a modification of the same decree.

This very abbreviated petition contains two paragraphs pertinent to the issue, as follows:

The petitioner would show that at the hearing from which the Decree of December 14, 1974, (sic) was drawn and entered, that at such hearing, no evidence was given of any of the circumstances of the parties, including expenses of the child, and income of the petitioner and respondent.

The petitioner would further show that the respondent has sufficient income to pay more than Fifty Dollars ($50.00) per month as child support for the parties' minor child, and that the expenses of raising the parties' child are significantly more than the petitioner is able to bear, without increased support from the respondent.

The prayer of the petition is that the decree be modified so as to increase the amount of child support. It will be noted that the petition does not set forth any alleged change of circumstances or new facts to justify a modification of the decree. It is essentially an attack on a decree which is already under attack by virtue of another avenue of relief in this Court.

The trial judge denied the petition, without prejudice, on the basis of a lack of jurisdiction in view of the pendency of the matter in the appellate courts.

We concur with the trial judge.

Section 36–828 T.C.A. provides that a decree for custody and child support "shall remain within the control of the court and be subject to such changes or modifications as the exigencies of the case may require."

Section 36–820 T.C.A. also provides that the order or decree remain in the court's control and that "on application of either party, the court may decree an increase or decrease of such allowance on cause being shown."

In Hicks v. Hicks, 26 Tenn.App. 641, 176 S.W.2d 371 (1943), the Court of Appeals for the Middle Section, speaking through Judge Felts, after referring to these statutes and quoting from them, and apparently treating "exigencies" and "emergencies" as being synonymous, said:

We think an emergency here must be held to mean facts and conditions which have emerged since the decree, new facts and changed conditions which were not determined and could not be anticipated by the decree; and that the decree is final and conclusive upon all the facts and conditions which existed and upon which the decree was made.

■ We adopt this definition and apply it to "exigencies" as used in § 36–828 T.C.A.

■ We are cited to Mittwede v. Mittwede, 490 S.W.2d 534 (Tenn.App. 1969) wherein the Court of Appeals for the Middle Section, in an excellent and analytical opinion by Judge Todd, correctly held that an appeal in a divorce case does not abrogate the decree of the trial court awarding custody of children; and that the trial court exercises continuing control over the custody of a minor child after the divorce decree otherwise has become final.

■ We agree and hold that pending an appeal the trial court has the continuing power, jurisdiction and authority to make all such orders as may be necessary touching upon the custody, support and welfare of children in divorce cases, subject only to the extraordinary remedy of certiorari and supersedeas in proper cases.

We are not here confronted with a case involving the right of a trial judge, pursuant to a proper petition alleging new facts or changing conditions, to decree a change of child support, during the pendency of an appeal. He has that unquestioned right.

■ Instead, we are presented with a petition which merely challenges the procedural aspects of a decree, during the pendency of appellate review, and asserts that the expense of rearing the child exceeds petitioner's financial capabilities. In short, this is a patent attack upon a decree at a time when its correctness is challenged upon appellate review.

We affirm the action of the Circuit Judge, but, of course, without prejudice to the right of appellant to file, at any time, her petition to modify the child support payments, supported by proper allegations and proof of a change in circumstances.

The costs of this appeal are taxed against appellant.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.