**Garnett Merryman Bowers DANTZLER (Rush), Plaintiff-Appellee,**

v.

**Hubert Clark DANTZLER, Jr., Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Oct. 27, 1983.

Application for Permission to Appeal Denied by Supreme Court Feb. 13, 1984.

---

Jack Norman, Jr., and Mac E. Robinson, Nashville, for defendant-appellant.

William L. Underhill, Nashville, for plaintiff-appellee.

NEARN, Presiding Judge, Western Section.

This is a child custody case.

The parties were divorced in 1980 with the right of custody of the two minor children of the parties vested in the mother. The divorce was based on irreconcilable differences with the agreed upon custody being approved by the Court. In June 1982, the husband filed a petition for change of custody. On August 30, 1982, custody was awarded the father. The change of custody by the Trial Judge appears to have been largely based on the fact that at the time of that hearing the mother had been permitting another man to live in the home with her and the children. That man enjoyed the bedroom privileges of the married. Shortly after the custody was changed, the mother married the man with whom she had been on intimate terms and filed a petition for change of custody based upon alleged changed circumstances. The Trial Judge granted the petition and the husband has appealed.

The husband raises two issues on appeal, *viz:*

I. Whether there exists the necessary changed circumstances to warrant the change of custody of the minor children from the custodial parent to the non-custodial parent.

II. Whether the Court erred in permitting the wife to introduce witnesses over the objection of defendant's counsel when defendant's counsel had not been furnished with a list of witnesses in accordance with Rule 22(a) of "Local Rules of Practice for Courts of Record, Davidson County, Tennessee."

The husband's principal argument is that the mere obtaining of a marriage license by the mother since the time custody was awarded to the husband is not a "change in circumstance" as contemplated in law that would authorize the Court to alter custody from the father to the mother. We are cited to several cases which discuss the requirements of "changed circumstances", *Long v. Long,* (1972) Tenn. App.E.S.) 488 S.W.2d 729, *cert. denied, Hicks v. Hicks,* (1943 M.S.) 26 Tenn.App. 641, 176 S.W.2d 371, *cert. denied,* and *Smith v. Haase,* (1975 Tenn.) 521 S.W.2d 49. This argument appears to us to be

somewhat incongruous in view of the evident fact that the father previously thought that the lack of that marriage license was a sufficient change in circumstance to authorize a change in custody from the mother to the father. Be that as it may, the record discloses other circumstances upon which the Trial Judge based his decision. The Trial Judge expressly found that while in the custody of the father "there was a psychological change occurring in the minor child, Hubert Clark (Trey) Dantzler, III." The record supports that finding.

█ In child custody matters the paramount concern of the Court is the welfare of the children and the rights of the parties will yield to that concern. *Riddick vs. Riddick*, (1973 Tenn.App.W.S.) 497 S.W.2d 740, *cert. denied.* We hold that there is no hard and fast rule as to what constitutes changed circumstance. The ultimate goal of the Court is to find in the best interest of the children and "changed circumstances" is something that may or may not be found in that search. We believe T.C.A. § 36–828 adequately sets forth the authority of the Trial Court over its custodial orders. The statute provides that such orders are "subject to such changes or modifications as the exigencies of the case may require."

We are satisfied with the disposition of the children made by the Trial Judge.

█ Rule 22 of the Local Rules of Practice of Davidson County is as follows:

In all civil actions set for trial on the merits, at least 72 hours prior thereto: (a) The names and addresses of witnesses (other than impeachment and rebuttal witnesses) *shall be* furnished to opposing counsel. (emphasis added)

Counsel for the mother failed to comply with the rule and when witnesses were offered on behalf of the mother, counsel for the father objected. The Trial Court waived the rule and permitted the witnesses to testify.

Local Rule 1.03 provides:

Whenever the Court determines that justice requires it, it may suspend any of these rules.

It is the insistence of counsel for the father that the Court erred in suspending the Rule.

The Trial Court made the local Rules. Therefore, the Court can suspend the Rules or make new ones. The Court did not abuse its discretion in waiving the rule especially in view of the fact that *neither* party had complied with it. Had the Court not waived the rule but enforced it, the serious question would be before this Court of whether the Local Rule of Davidson County conflicts with Rule 26 of the T.R. Civ.P. Rule 26.02(4)(A)(i) T.R.Civ.P. provides the only method of obtaining the names of expert witnesses prior to trial. There are other possible conflicts between the Rules, but since the issue is not properly before us, we will let it pass. Both issues on appeal are found against appellant.

The result is that the judgment below is affirmed with costs of appeal adjudged against appellant and surety.

Done at Nashville in the two hundred and eighth year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.