**Brenda S. Boruff McDANIEL, Respondent–Appellant,**

**v.**

**John Miles McDANIEL, Petitioner–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 31, 1987.

Permission to Appeal Denied by Supreme Court Nov. 23, 1987.

James D. Estep, III, Tazewell, for respondent-appellant.

Glen R. Claiborne, Knoxville, for petitioner-appellee.

## OPINION

ANDERSON, Judge.

This is an appeal of the trial court's order granting Appellee's petition to modify custody. We reverse the order of the trial court and remand.

The parties were separated in February, 1985, and from that time until the first trial of this case in August, 1985, the children were in the custody of Appellant mother. Following the initial trial, the trial court awarded custody to Appellee father during the school year and two weeks of the summer, and to the mother during the summer and one week of the Christmas period. The mother appealed that decision, and on June 13, 1986, we reversed, granting the divorce to the mother and awarding custody to her during the school year and to the father during the summer. We then remanded for the chancellor to fix child support and alimony, if Appellant was entitled to alimony.

The father then applied for permission to appeal to the Supreme Court, and the Supreme Court denied permission on September 8, 1986. On September 13, 1986, the father filed a petition to modify custody with the trial court, which was thereafter heard and on December 16, 1986, the trial court ordered "that the Court of Appeals' order entered June 13, 1986, is modified and the custody of the children shall be with the father during the school year and with the mother during summer vacation from school." This appeal followed.

The statutory standard for awarding or modifying child custody is as follows:

*Decree for custody and support of child —enforcement.—*(a) In a suit for ... divorce ... where custody of ... minor children is a question, the court may ... award the care, custody and control of such ... children to either of the parties to the suit or to both parties in the instance of joint custody or shared parenting, or to some suitable person, as the welfare and interest of the child or children may demand.... *Such decree shall remain within the control of of the court and be subject to such changes or modification as the exigencies of the case may require.*

T.C.A. § 36–6–101(a) (Supp.1986) (emphasis added).

The Supreme Court has held that "exigencies" under the statute

mean facts and conditions which have emerged since the decree, new facts and changed conditions which were not determined and could not be anticipated by the decree; and that the decree is final and conclusive upon all the facts and conditions which existed and upon which the decree was made.

*Smith v. Haase,* 521 S.W.2d 49, 50 (1975).

On June 13, 1986, in the first custody appeal between these parties, we determined that the preponderance of evidence was contrary to that found by the trial court, and we found as a matter of law that the trial court had erred in granting the divorce and custody to the father during the school year and custody to the mother during the summer. Specifically, we decided that the father was guilty of cruel and

inhuman treatment, and that the mother was entitled to custody of the children. We found that the father was a veterinarian and worked long hours; that he spent little time with his wife and children; that after the birth of the parties' first child, the mother stayed in the hospital only one day because the father did not want to pay the hospital bill; and that the father was a very careless person around the children, leaving medicine and tools in dangerous places. We found that all the proof showed the mother was a very good mother and gave excellent care to the children. We thus reversed and remanded to the chancellor on June 13, 1986, to carry out our order.

The trial court's opinion modifying custody was based on the following:

[T]he father had changed his working habits and was more available to care for the children. The more important allegation is that the children had 'bonded' to their home and community while in their father's custody and that it would be very harmful to move them from their school, church and community.

. . . .

I find this to be a material change in circumstances. That after being in their father's custody for fourteen months, the children have settled into a comfortable lifestyle and are happy; that it would be to the children's manifest best interest to leave their custody as it now is established.

The trial court's opinion of December 16, 1986, does not reflect any "new facts and changed conditions which were not determined and could not be anticipated" in our original opinion. The changes in the working conditions of both the mother and father were within our contemplation, as we have noted above. Also implicitly contemplated in our original opinion, as in any child custody determination, was that a "bonding" of the children to the initial custody situation could occur.

This Court initially ordered a change in custody on June 13, 1986, to the mother. As of the writing of this opinion, more than one year later, it has never taken place.

We are not unmindful of the problems created for children when custody issues go through a long appeals process. We cannot agree, however, to a change of custody based upon the children's adjustment to the initial custody arrangement. Quite naturally that may occur during the pendency of an appeal. To affirm the initial custody decision solely because of the children's "bonding" to it during appeal would trivialize the appeals process and effectively abrogate an appellant's fundamental right of appeal.

Because the trial court's order modifying custody is not based on any new facts and changed conditions which were not determined and could not be anticipated by our original order, we reverse the trial court and remand for it to carry out our order in the initial appeal. Costs are taxed to the Appellee.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.