IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**PHYLLIS RENEE BROWN,** )
)
      Plaintiff/Respondent, )    Shelby Circuit No. 136582 R.D.
)
VS. )    Appeal No. 02A01-9709-CV-00228
)
**CHARLES CHANDLER BROWN, SR.,** )
)
      Defendant/Petitioner. )

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

_____

## CONCURRING OPINION
_____

      I concur in the result reached by the majority opinion. However, I write separately to express my concern with the language on page 10 of that opinion which states that, "[i]n order to be compelling enough to warrant the dramatic remedy of changed custody, the change of circumstances must be such that 'continuation of the adjudicated custody will substantially harm the child.'" I acknowledge that this language appears in *Wall v. Wall*, 907 S.W.2d 829, 834 (Tenn. App. 1995), an opinion of the middle section of this court. However, I further note that *Wall* cited *Contreras v. Ward*, 831 S.W.2d 288 (Tenn. App. 1991). *Contreras* was a parental relocation case which stated the long recognized rule that "the best interest and welfare of the child must be the primary focus of attention." *Contreras*, 831 S.W.2d at 290. The court also cited with approval from *Sartoph v. Sartoph*, 354 A.2d 467, 473 (Md. Ct. Spec. App. 1976), wherein the Maryland Court of Special Appeals stated that "[t]he custody of children should not be disturbed unless there is some strong reason affecting the welfare of the child. To justify a change in custody, the change in conditions must have occurred which affects the welfare of the child and not that of the parents."

      In *Musselman v. Acuff*, 826 S.W.2d 920, 922 (Tenn. App. 1991), the eastern section of this court noted that the paramount consideration in custody proceedings is the best interest of the child and that, when the issue is whether to modify a prior custody order, the court need not repeat the comparative fitness analysis set forth in *Bah v. Bah*, 668 S.W.2d 663 (Tenn. App. 1983). Instead, the trial court in a modification proceeding must find a material change in circumstances

1

compelling enough to warrant the dramatic remedy of changed custody. The court went on to say that "[i]t is only that behavior of a parent which clearly posits or causes danger to the mental or emotional well-being of a child (whether such behavior is immoral or not), which is sufficient basis to seriously consider the drastic legal action of changing custody." *Musselman*, 826 S.W.2d at 924 (quoting *Ballard v. Ballard*, 434 So. 2d 1357, 1360 (Miss. 1983)).

Our supreme court recently addressed the standard to be applied in modifying a child custody decree in *Aaby v. Strange*, 924 S.W.2d 623 (Tenn. 1996). *Aaby*, which also dealt with parental relocation, cited *Musselman* for the proposition that "Tennessee law *allows* custody to be changed if the behavior of the custodial parent clearly posits a danger to the physical, mental or emotional well-being of the child." *Aaby*, 924 S.W.2d at 629-30 (emphasis added).

The eastern section of this court subsequently has interpreted *Musselman* and *Aaby* to mean that "[t]he *Musselman/Aaby* test requires more -- we *must* find 'behavior . . . [that] *clearly posits* a danger' to the children." *Rector v. Rector*, No. 03A01-9604-CV-00123, 1996 WL 539767, at *4 (Tenn. App. Sept. 25, 1996) (emphasis added). I do not interpret *Aaby*, however, to hold that, "in order to be compelling enough to warrant the dramatic remedy of changed custody, the change of circumstances must be such that continuation of the adjudicated custody will substantially harm the child."

Citing *Wall*, the western section of this court has held that a custody decision is not changeable except for change of circumstances, which is defined as that which requires a change to prevent substantial harm to the child. *Williams v. Williams*, No. 01A01-9610-CV-00468, 1997 WL 272458, at *6 (Tenn. App. May 23, 1997); *Greene v. Greene*, No. 03A01-9503-CV-00091, 1996 WL 165098, at *4 (Tenn. App. Apr. 9, 1996). This section also has cited *Musselman* for the proposition that "[i]t is *only* that behavior of a parent which clearly posits or causes danger to the mental or emotional well-being of a child (whether such behavior is immoral or not), which is sufficient basis to seriously consider the drastic legal action of changing custody." *Williams*, 1997 WL 272458, at *6 (emphasis added). I acknowledge that I have concurred in previous decisions containing the foregoing language, but upon further reflection, I believe the better standard is as set forth in

***Stroud v. Stroud***, No. 01A01-9607-CH-00291, 1997 WL 266846 (Tenn. App. May 21, 1997), wherein this court said "[c]ustody *may* be changed if the behavior of the custodial parent clearly posits a danger to the physical, mental, or emotional well-being of the child." ***Stroud***, 1997 WL 266846, at *7 (emphasis added) (citing ***Aaby v. Strange***, 924 S.W.2d 623, 629 (Tenn. 1996)).

Tenn. Code Ann. § 36-6-101(a)(1) (Supp. 1998) empowers the courts to change custody "as the exigencies of the case may require." The middle section of this court stated recently that: "The courts will change a custody or visitation arrangement if the party seeking the change proves (1) that the child's circumstances have changed materially in a way that could not reasonably have been foreseen at the time of the original custody decision, *see Smith v. Haase*, 521 S.W.2d 49, 50 (Tenn. 1975); *McDaniel v. McDaniel*, 743 S.W.2d 167, 169 (Tenn. Ct. App. 1987), and (2) that the child's interests will be better served by changing the existing custody or visitation arrangement. *See Hall v. Hall*, No. 01A01-9310-PB-00465, 1995 WL 316255, at *2 (Tenn. Ct. App. May 25, 1995) (No Tenn. R. App. P. 11 application filed)." *Solima v. Solima*, No. 01A01-9701-CH-00012, 1998 WL 726629, at *2-3 (Tenn. App. Oct. 16, 1998).

As Professor Garrett states, "[t]he Tennessee appellate courts have cited many criteria of changed circumstances, which would justify a change of custody or modification of visitation rights. When the cases are analyzed, one question appears crucial: Is the child's best interest being served by the existing placement?" W. Walton Garrett, ***Tennessee Divorce, Alimony & Child Custody*** § 26-4 (1997 ed.) (footnotes omitted). He further lists some 33 criteria upon which our courts have based modification of child custody decrees. *Id*. § 26-5.

I am concerned that we have created too harsh a standard by holding that a change of custody will be granted ***only*** upon a showing that a continuation of the adjudicated custody will ***substantially harm*** the child. Harm is defined as "physical or mental damage." ***Webster's Ninth New Collegiate Dictionary*** 554 (1990). I can envision circumstances in which there is determined to be a material change of circumstances which would indicate that a change of custody is in the child's best interest, but would fall short of a continuation of the adjudicated custody resulting in "substantial harm" to the child.

3

_____
DAVID R. FARMER, JUDGE