# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
MAY 2000 Session

## MICHELLE BAKER PISANO v. GERRY BAKER

### Direct Appeal from the Chancery Court for Weakley County
### No. 14921; The Honorable William Michael Maloan, Chancellor

---

### No. W1999-02660-COA-R3-CV - Filed September 15, 2000

---

This appeal arises out of the trial court's denial of a petition for change of custody. The Weakly County Chancery Court denied the Mother's petition finding that no material change in circumstances had occurred to justify a change in custody from the Father.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and FARMER, J., joined.

Jeffrey W. Parham, Martin, for Appellant

Gerry Baker, *pro se*

### OPINION

Michelle Pisano appeals from the trial court's denial of her petition for change of custody. For the reasons stated herein, we reverse the trial court decision.

### Facts and Procedural History

Michelle Pisano ("Appellant" or "Mother") and Gerry Baker ("Appellee" or "Father") were divorced pursuant to an order of the Circuit Court of Cook County, Illinois in May of 1992. As part of the final decree, custody of the parties' minor child, Joshua, was awarded to the Appellee. On January 3, 1997, the Appellant filed a petition seeking a change of custody. As grounds for the petition, she alleged that the Appellee had failed to adequately provide for the child's medical and dental needs. Following a hearing on the petition, the trial court found that no material change of circumstances had occurred and ordered that custody remain with the Father.

In June of 1998, during a visit with the Appellant at her home in Florida, Joshua complained of pain in his mouth. The Appellant took him to a local dentist who extracted several of Joshua's teeth and filled a cavity in another tooth. The Appellant then contacted the Florida Department of Human Services to report the situation regarding Joshua's teeth. After receiving the complaint, the Florida Department of Human Services informed its Tennessee counterpart, and the Tennessee Department conducted interviews with the Appellee and his wife. During that interview, the Appellee admitted that he had neglected Joshua's dental health. The Appellee's wife also stated that the Appellee provided very little assistance in caring for Joshua.

The Appellant filed the present petition for change of custody on December 7, 1998. As grounds for the change, the Appellant cited the lack of dental care being provided to Joshua. She further alleged that the Appellee had failed to provide for Joshua's basic needs. The trial court conducted a hearing on this matter on May 14, 1999. At the conclusion of the hearing, the trial court denied the petition for change of custody finding that no material change of circumstance had occurred to justify the change. The trial court also stated that "no substantial harm was shown to the minor child in his current placement." It is from this order that the current appeal arises.

### Law and Analysis

Our review of the trial court's ruling on a petition to modify custody is *de novo* on the record, accompanied by a presumption of correctness of the findings below. See Hass v. Knighton, 676 S.W.2d 554, 555 (Tenn. 1984); Gaskill v. Gaskill, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996); T.R.A.P. 13(d). Thus, we may not reverse the ruling of the trial court unless it is contrary to the preponderance of the evidence. See Hass, 676 S.W.2d at 555; Massengale v. Massengale, 915 S.W.2d at 819; T.R.A.P. 13(d).

Custody and visitation decisions, once made and implemented, are *res judicata* upon the facts in existence or reasonably foreseeable when the decision was made. See Young v. Smith, 246 S.W.2d 93, 95 (1952); Brumit v. Brumit, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997); In re Parsons, 914 S.W.2d 889, 893 (Tenn. Ct. App. 1995). They may, however, be altered if intervening, material changes in the child's circumstances require modifying an existing custody or visitation arrangement. Accordingly, Tenn.Code Ann. § 36-6-101(a)(1) empowers the courts to change custody "as the exigencies of the case may require." Courts will change custody when the party seeking to change custody proves (1) that the child's circumstances have materially changed in a way that could not have been reasonably foreseen at the time of the original custody decision, see Smith v. Haase, 521 S.W.2d 49, 50 (Tenn.975); McDaniel v. McDaniel, 743 S.W.2d 167, 169 (Tenn. Ct. App.1987), and (2) that the child's best interests will be served by changing the existing custody arrangement. See Hall v. Hall, App. No. 01A01-9310-PB-00465, 1995 WL 316255, at * 2 (Tenn. Ct. App. May 25, 1995) (No Tenn. R.App. P. 11 application filed).

The trial court's refusal to modify the custody arrangement in the present case was based on the finding that no material change of circumstances had occurred. As to this determination, we

believe the trial court was incorrect. The Appellee has admitted to neglecting Joshua's dental needs. We are unable to perceive of a more serious change in circumstances than the inability of a parent to properly care for a child. Certainly, the initial custody arrangement did not contemplate that the Appellee would fail to provide for Joshua's basic needs. Moreover, it is clear that Joshua's physical and mental health are being compromised by the Appellee's neglect of parental responsibilities. In this regard, we believe there has been a material change in circumstances sufficient to justify a change in the present custody arrangement. In fact, we do not believe the change could be more material than where, as in the present case, the physical and mental well-being of the child is compromised by the custodial parent's failure to provide the necessary care. As such, we disagree with the trial court's conclusion that no material change of circumstances exists.[1]

Having determined that a material change of circumstances exists, we must address the best interest of the child. When determining what is in the best interests of a child, the court assesses the comparative fitness of the parties seeking custody. See Ruyle v. Ruyle, 928 S.W.2d 439, 442 (Tenn. Ct. App. 1996); Parsons, 914 S.W.2d 893. This assessment involves consideration of all relevant factors. See Tenn.Code Ann. § 36-6-106 (listing statutory factors); Gaskill, 936 S.W.2d at 630 (quoting Bah v. Bah, 668 S.W.2d 663, 666 (Tenn. Ct. App. 1983))(listing additional factors). A comparative fitness analysis in the present case leaves little doubt that Joshua's best interests would be served by changing the present custody arrangement. The record reveals serious questions regarding the Appellee's ability to be a proper parent to Joshua. We also believe that the record reveals questions regarding the Appellee's interest in parenting his child. Such blatant neglect of a child's dental needs would appear to border on intentional neglect. In contrast, the Appellant has demonstrated her ability and desire to provide the parental concern that this child desperately needs. She has been vigilant in her attentiveness to Joshua's dental needs. While her pursuit of a change in custody does not necessarily make her a good parent, it does exhibit the type of interest the Appellee has thus far shown himself to be lacking. As such, we conclude that it is in the best interest of the minor child that primary physical custody be placed with the Appellant.

---

[1] The trial court made this determination even though it recognized there was some "disturbing" evidence. In fact, as part of its decision, the trial court felt the need to order the Appellee to maintain regular dental care for Joshua.

**Conclusion**

For the foregoing reasons, we reverse the decision of the trial court. The Appellant's petition for change of custody is hereby granted. The case is remanded to the trial court for resolution of any issues relating to child support and/or visitation. Costs of this appeal are taxed to the Appellee, Gerry Baker, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE