# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## ANDREW K. ARMBRISTER v. MELISSA H. ARMBRISTER

**Appeal from the Chancery Court for Greene County**
**No. 2008-341**

**No. E2012-00018-COA-R3-CV Filed July 27, 2012**

CHARLES D. SUSANO, JR., Judge, dissenting.

I do not believe the trial court went outside the parameters of its sound discretion when it increased father's co-parenting time from 85 days to 143 days. Unlike many of the divorce cases we see, this one involves parents who, after the divorce, in the words of the majority opinion, "maintain[ ] a positive, cooperative relationship with one another regarding their co-parenting responsibilities." Even more unique, this case presents a situation where father's wife and his former spouse have a "positive relationship."

The issue before us is whether father has demonstrated a "material change of circumstance affecting the child[ren]'s best interest." Tenn. Code Ann. § 36-6-101(a)(2)(C) (2010). There have been changes – changes that I believe should be viewed in the context of the unique, amicable relationships presented by the facts of this case. Father has remarried and, from all indications, this relationship has had a positive impact on the parties and their children. Father's work schedule is such that he has more flexibility than at the time of the divorce. Johnson City, his new home, is a relatively short distance, some 31 miles, from mother's residence in Greeneville. I disagree with the majority's conclusion that father's remarriage and change in work schedule were "not unanticipated." The fact that father was dating the woman to whom he is now married does not mean that it was anticipated that he would marry her. The fact that father testified at the time of the divorce that "he might move" is not the same as testifying that he was going to move. It seems to me that the subject changes have "affect[ed]" in a positive way "the child[ren]'s best interest" in that they have made it possible for father and children to have more time together.

I do not believe the significance of father's remarriage can be overemphasized. This obviously was a good "move" in terms of father's continuing good relationship with mother

and the children.  While remarriage, "in and of itself," does not constitute a material change in circumstance, this does not mean that, in conjunction with other changes, it cannot be considered as a "change of circumstance." *See Tortorich v. Erickson*, 675 S.W.2d 190, 192 (Tenn. Ct. App. 1984).

The change in the quantum of father's time with the children is reasonably calculated to "promote the development of a healthy relationship between [the] children" and their father.   *See Solima v. Solima*, 7 S.W.3d 30, 33 (Tenn. Ct. App. 1998) (citing *Aaby v. Strange*, 924 S.W.2d 623, 629 (Tenn. 1996); *Taylor  v. Taylor*, 849 S.W.2d 319, 331-32 (Tenn. 1993); *Varley v. Varley*, 934 S.W.2d 659, 668 (Tenn. Ct. App. 1996)).  Furthermore, the Supreme Court has clearly spoken on our role in reviewing co-parenting decisions by a trial court:

> It is not the function of appellate courts to tweak a visitation order in the hopes of achieving a more reasonable result than the trial court. Appellate courts correct errors. When no error in the trial court's ruling is evident from the record, the trial court's ruling must stand. This maxim has special significance in cases reviewed under the abuse of discretion standard. The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order, even in matters involving visitation, to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution.  An abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001) (citations omitted).  I believe Chancellor Frierson has made a well-reasoned decision and one that we should not disturb. I would affirm his decision *in toto*.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE