**Terri Lynn Erickson TORTORICH, Plaintiff-Appellant,**

v.

**David Charles ERICKSON, Jr., Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Nashville.

May 4, 1984.

Application for Permission to Appeal Denied by Supreme Court
Aug. 20, 1984.

Carol L. Soloman and George J. Duzane, Nashville, for plaintiff-appellant.

Billie Jean Tune, Nashville, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is a child custody dispute. The Trial Judge changed custody from the mother to the father and the mother appeals.

We first note that appellant's brief does not comply with Rule 27 T.R.A.P. The brief does not contain a statement of the issues presented for review as required by the Rule. Instead, under the heading of Argument there are posed general questions such as "Were the factors the Judge considered in his decision for a change of custody proper?" followed by an argument in favor of an affirmative response to the query. To answer such a query requires a degree of clairvoyance with which this Court is not possessed.

The only issue presented by this appeal and the only one we consider is whether the evidence supports the ruling of the Trial Judge that it was in the best interest of the minor child that custody be for now changed.

The minor child is a boy, approximately three years of age. In the divorce proceedings custody was awarded the mother, with visitation rights in the father. The parents have squabbled over the exercise of those rights since the divorce. Various proceedings, including those for contempt, have been filed or are pending. However, the proceeding now appealed from is the hearing on the father's petition for change of custody and we will confine this opinion to matters that bear on that issue, although the proof is liberally sprinkled, if not saturated, with evidence on other issues.

Sometime after the mother was awarded custody of the child, she moved to the state of Louisiana with a male friend to whom she is now married and living with in that state. The order of custody did not forbid the mother to leave the state, but did order her to notify the father if she did leave. She failed to notify the father and secreted herself and the child in Louisiana for several months. With the aid of detectives, the father located the child and by means of a writ of habeas corpus obtained physical custody of the child and returned to this state where the petition to change custody had been filed and where the mother appeared and defended the petition.

The proof shows that the mother loves her child, properly cares for his physical needs and is a good mother.

The husband did not attempt to show that she was a "bad" mother. However, the proof does show that while the father has not been in the past an exemplary citizen and probably in the past has not exercised the care and concern for the child that he should have, he has now or is now attempting to change his ways and accept his parental responsibilities.

The major factor relied upon by the father to show a change in circumstance is the home environment of the child in the state of Louisiana; specifically, the character of the mother's new husband. The mother testified that the stepfather was a self-employed "financial broker" who worked on a commission basis, but that she did not know his income. However, there is proof in the record that the new husband or stepfather is presently under indictment by the Federal authorities in the state of Louisiana for conspiracy to import marijuana. There is also testimony in the record that the stepfather has stated that he has Mafia connections and could place a "hit" contract on the father. The record further

shows that at the hearing of this petition for change of custody the stepfather was present in Davidson County where this matter was heard, but did not testify.

■ The remarriage of either parent does not of itself constitute a change of circumstance that would warrant a change of custody. However, the possible change in home environment caused by such remarriage is a factor to be considered in determining whether or not there has been a material change in circumstance that would warrant an alteration of custody arrangements. In *Riddick v. Riddick,* (1973 Tenn.App.W.S.) 497 S.W.2d 740, *cert. denied,* the Court observed

> [t]he character, attitude and general personality of other persons who would be in a position to influence the children are important considerations for the court. Lacking a valid explanation for the absence of his [the new husband] testimony, we hold the petitioner under a duty to produce [the new husband], so that he might testify as to his willingness for the children to be in his home, and as to his occupation, finances, and other relevant facts. This element of proof cannot be negatively met by the showing of a lack of evidence that [the new husband] is not willing to have the children in his home. It is true the mother seeks the custody, but a court cannot overlook the situation in which that custody will place the children. 497 S.W.2d at 742.

We recognize the fact that in *Riddick* it was the mother who was the petitioner seeking a change in custody and she, therefore, had the burden of proof. Accordingly, the burden was upon her to show the circumstances into which the child would be brought if custody were changed. Her failure to carry that burden was the reason for the denial of her petition in *Riddick.* In this case, the burden was upon the father. We do not intend to intimate that in every case where a change of custody is sought, that a burden is on the defendant to show proper conditions exist for the defendant to have custody, for such would be presumed by virtue of the existing order of custody. However, where a change of custody is sought on the grounds of changed conditions in the living conditions of the child since the previous order and proof is adduced by the petitioner tending to show such change, just as in any other case it behooves a defendant to adduce evidence to rebut that of the plaintiff. We believe that the "important considerations" expressed in the *Riddick* case, as above set out, are valid elements to be considered by the trier of facts when the issue is properly presented by either party and the observations of the *Riddick* Court are applicable to this case.

■ After having reviewed all the evidence, this Court would not rest easy on the issue of the best interest of the child, which interest is our total concern, if we were to reverse the action of the Trial Judge and place the custody with the mother (with whom we find no fault in regard to maternal duties) in an unknown and possibly deleterious environment. Accordingly, we must affirm the action of the Trial Judge with costs of appeal adjudged against the mother.

Done at Nashville in the two hundred and eighth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.