JAMES HOSALE, d/b/a CLIFFS ) 
PLUMBING, )
 ) Appeal No.
Plaintiff, ) 01A01-9810-CV-00523
 )
v. )
 ) Davidson Circuit
ROBERT (BOB) WARREN, )
 )
Defendant. )

FILED

July 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE


DAN R. ALEXANDER
2016 8th Avenue South
Nashville, Tennessee 37204
        Attorney for Appellee

THOMAS D. FROST
815 South Church Street
Murfreesboro, Tennessee 37130
        Attorney for Appellant


AFFIRMED AND REMANDED


HERSCHEL P. FRANKS, JUDGE


CONCUR:
GODDARD, P.J.
SUSANO, J.

O P I N I O N

The defendant appeals from a judgment entered in Circuit Court in favor of the plaintiff in the amount of $6,148.00.

Plaintiff is a plumber, and defendant is an engineer who had hired or referred plaintiff several times. William Tarpley operated a construction business known as W.T. Construction, and in February of 1995 Tarpley and defendant formed a limited liability company known as "W & T Construction". Although they dispute the details of the discussion, plaintiff and defendant had a conversation, after which plaintiff contacted Tarpley and began work on a project.

Plaintiff billed defendant for the project, but was told to contact Tarpley. Plaintiff received a partial payment drawn on the account of W & T Construction. Tarpley filed for bankruptcy, and plaintiff filed suit against defendant for the unrecovered amount.

In Circuit Court, defendant argued there was no contract between the parties, but even if there was, he was not liable because "W & T" was an L.L.C. Plaintiff argued that he was never told of any L.L.C. He also contended that defendant represented the entity as a joint venture and told him that defendant and Tarpley were involved in a partnership. Judgment was entered by the Circuit Judge in favor of plaintiff.

The appellant-defendant states as issues in his brief:

1. What is the proper standard of review in this matter?
2. Did the Plaintiff have a contract with the Defendant?
3. Is the Defendant, as a member of a limited liability company, personally liable to the Defendant [sic]?

The statement of the issues does not comply with T.R.A.P. 27(a)(4). Questions presented "must not be so general as to be meaningless." *State v. Dykes*, 803 S.W.2d 250, 255 (Tenn.Cr.App. 1990) (citation omitted). In *Tortorich v. Erickson*, 675 S.W.2d 190, 191 (Tenn. App. 1984), the appellant posed only "general questions." The court noted that "[t]o answer such a query requires a degree of clairvoyance with which this Court is not possessed." *Id.*

Despite the inadequacy of the Statement of the Issues, we have reviewed the

2

record and find that the evidence does not preponderate against the Trial Judge's findings. T.R.A.P. Rule 13(d). It is obvious from the record that much of the Trial Court's decision depended upon its assessment of the witnesses' credibility. "In a case tried without a jury, the question of credibility of the witness is exclusively for the trial judge trying the case and cannot be reviewed by the appellate courts." *Harwell v. Harwell*, 612 S.W.2d 182, 184 (Tenn. App. 1980) (citation omitted).

We affirm the judgment of the Trial Court and remand at appellant's cost.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.