## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | |
|---|---|
| **WANDA S. BORDERS,** | ) From the Gibson County Chancery Court |
| | ) at Humboldt, Tennessee |
| | ) |
| | ) The Honorable George R. Ellis, Chancellor |
| | ) |
| Plaintiff/Appellant | ) Gibson Chancery No. H-3697 |

# FILED

**October 30, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| | ) Appeal No. 02A01-9811-CH-00320 |
| | ) |
| | ) **REMANDED** |
| **vs.** | ) |
| | ) Mitchell G. Tollison |
| **RANDY RUEL BORDERS,** | ) Hawks & Tollison |
| | ) Humboldt, Tennessee |
| Defendant/Appellee. | ) Attorney for Appellant |
| | ) |
| | ) Randy Ruel Borders, pro se |
| | ) Gibson, Tennessee |

---

### MEMORANDUM OPINION[1]

---

Wanda S. Borders appeals from an order of the Chancery Court of Gibson County which imposed certain conditions on Ms. Borders' custody of her minor child.

Randy Ruel Borders ("Appellee") and Wanda Borders ("Appellant") entered into a marital dissolution agreement ("MDA") that provided for joint custody of the parties minor child, Kacee, with the principal place of residence being with Ms. Borders. Pertinent to the present appeal, the MDA contained a provision through which both parties agreed not to have any unmarried persons around the minor child overnight. The parties were divorced pursuant to a final decree entered on January 30, 1997, which ratified the provisions of the MDA.

On November 1, 1997, Mr. Borders filed a petition asking the court to modify the provisions of the final divorce decree and to change custody of the minor child. The petition was based on the assertion that Ms. Borders, along with the minor child, was residing in the home of Charles Ellis in violation of the MDA. Mr. Borders requested that he be given primary custody of the minor child and that Ms. Borders be granted reasonable but restricted visitation rights. Specifically, Mr. Borders requested that a restraining order be issued that would prevent Ms. Borders "from allowing the minor child from living in or around the home of Charles Ellis since the respondent and he are not married." On November 10, 1997, the restraining order was issued preventing Ms. Borders from allowing the minor child to live "in or around" the home of Charles Ellis.

By order entered on July 31, 1998, the trial court allowed Wanda Borders to retain physical custody of the minor child with the following condition: "Kacee will not be moved back onto the premises of Charles Ellis, left alone with Charles Ellis, or spend the night in his home or on his property ever." On October 26, 1998, the trial court entered another order which stipulated that the parties were to retain joint custody of the minor child with Ms. Borders maintaining the principal place of residence subject to the limitations previously imposed.

On November 13, 1998, Ms. Borders filed her notice of appeal challenging the ruling of the trial court. On May 13, 1999, Ms. Borders filed a Motion for Consideration of Post-Judgment Facts asking this court to consider the fact that Ms. Borders married Charles Ellis on January 16, 1999.

In making the motion for change of custody, Mr. Borders stated that Ms. Borders had violated the terms of the MDA by allowing unmarried persons (*i.e.*, Charles Ellis) around the minor child overnight. Based on this, the trial court ordered that the minor child was not to be moved back onto the premises of Charles Ellis, left alone with Charles Ellis, or spend the night in his home or on his property.

The trial court's decision, embodied in the July 1998 order, was based on the fact that Ms. Borders and Mr. Ellis were not married. That fact is no longer true. Ms. Borders and Mr. Ellis were married in January of 1999. These changed circumstances are such that a change in the custody order may be warranted. The possible change in home environment caused

by remarriage, although not dispositive, is a factor to be considered in determining whether there has been a material change in circumstances that would warrant alteration of custody arrangements.  See Tortorich v. Erickson, 675 S.W.2d 190, 192 (Tenn. Ct. App. 1984).  At the very least, the trial court should revisit its decision, giving due consideration to the fact that Ms. Borders is now married to Charles Ellis.

For the reasons stated herein, this case is remanded to the trial court for reconsideration in light of the marriage of Ms. Borders and Mr. Ellis.  We express no opinion as to the outcome of the case on remand.  The costs of this appeal are taxed one-half to each party, for which execution may issue if necessary.

_____

HIGHERS, J.

CONCUR:

_____

FARMER, J.

_____

LILLARD, J.