IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2012 Session

## ANDREW K. ARMBRISTER, v. MELISSA H. ARMBRISTER

**Appeal from the Chancery Court for Greene County**
**No. 2008-341     Hon. Thomas R. Frierson, II., Chancellor**

_____

**No. E2012-00018-COA-R3-CV - Filed July 27, 2012**

_____

The parties were divorced on September 2, 2009, and the Trial Court entered a Permanent Parenting Plan. On February 11, 2011, the father filed a Motion to Modify the PPP, alleging a change in circumstances. Following trial of the issues, the Trial Court increased the number of days the father would have the children and reduced the award of child support. The mother has appealed, we reverse the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., joined, and CHARLES D. SUSANO, JR., J., dissented and filed a separate opinion.

David L. Leonard, Greeneville, Tennessee, for the appellant, Melissa H. Armbrister.

Thomas C. Jessee, Johnson City, Tennessee, for the appellee, Andrew K. Armbrister.

**OPINION**

The issue in this case arose post-divorce. The parties were divorced on September 2, 2009, and the Court awarded custody to the mother, based upon the following factors: the mother had been the primary caregiver, and had taken greater responsibility for performing parental duties; while both parents had loving and emotional ties with the children, the mother had been primarily providing for their emotional and developmental needs; while

both parents were disposed to provide the children with food, clothing, education, medical and other care, the mother's home was stable and secure, and she manifested an ability to instruct and encourage the children to prepare them for success in life and society; during the marriage and after separation, the father spent a lot of time traveling and playing golf, rather than spending time with the children. The Court entered a Permanent Parenting Plan giving the mother 280 days with the children, and giving the father 85 days. The father was ordered to pay child support of $2,014 per month.

On February 11, 2011, the father filed a Motion, seeking to modify the PPP due to change of circumstances. He asserted that he had remarried and his work schedule had changed, but that the mother had been unwilling to allow any modification to the visitation schedule. The mother filed a Response, stating there had been no unanticipated or material change of their circumstances to warrant modification.

A trial was held on October 13, 2011. The Trial Court heard the testimony of the mother, the father, and the father's wife, Erica.

The Court entered a Memorandum Opinion, and found that since the PPP was entered, the mother had been the primary caregiver for the children, and the Court found that loving and emotional ties existed between the children and both parents, and that both parents were disposed to provide the children with food, clothing, medical care, education, and other necessities. The Court said the parents maintained a positive, cooperative relationship with one another regarding their co-parenting responsibilities, but that, on occasion, they had a difference of opinion which prevented agreement on certain matters.

The Court found that in June 2010, the father relocated his practice and moved to Johnson City, and in October 2010, he had remarried. The Court observed that the mother and father lived about 30 minutes from one another, and that Erica, the father's wife, had a close relationship with the children and a positive relationship with the mother. The Court found that both homes were stable, secure, and healthy, and that the children were happy and well-adjusted. The Court found there were material changes in circumstances which affected the kids' well-being in a meaningful way, and that the changes were not sufficient to change the PRP designation, but were sufficient to support a change in the co-parenting schedule. The Court found that a change in schedule was also in the children's best interests.

The Court thus entered a new PPP, giving the mother 222 days with the children and the father 143 days. The Court also modified the child support obligation to $1,639 per month. The mother appealed.

The issue on appeal is whether the Trial Court erred in finding that a material change

of circumstances had occurred which justified a modification of the prior PPP?

In a non-jury case, this Court's review is *de novo* upon the record of the proceedings below, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates against those findings. Tenn. R .App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

As this Court has previously explained, determining whether a modification is warranted is a two-step process:

> First, the court must determine whether a material change in circumstances has occurred after the initial custody determination. Although there are no bright-line rules for determining when such a change has occurred, there are several relevant considerations: (1) whether a change has occurred after the entry of the order sought to be modified; (2) whether a change was not known or reasonably anticipated when the order was entered; and (3) whether a change is one that affects the child's well-being in a meaningful way.

> Second, after finding that a material change in circumstances has occurred, the trial court must determine whether modification of custody is in the child's best interests using the factors enumerated in Tennessee Code Annotated section 36–6–106 (2001).

*Cranston v. Combs*, 106 S.W.3d 641 (Tenn. 2003). Further, the statute dealing with this issue provides:

> If the issue before the court is a modification of the court's prior decree pertaining to a residential parenting schedule, then the petitioner must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

Tenn. Code Ann. §36-6-101(a)(2)(C).

This Court has previously explained:

> [a]s a result of the 2004 amendment, Tennessee now has a different set of criteria for determining whether a material change of circumstance has occurred to justify a modification of a "residential parenting schedule" and the specifics of such a schedule. The amendment, specifically the addition of subsection (a)(2)(C), establishes different criteria and a lower threshold for modification of a residential parenting schedule. However, the statutory criteria pertaining to a modification of "custody"—the term used in the statute, which we equate to the designation of "primary residential parent" and matters more substantive than a change of schedule—remain unchanged.

*Massey-Holt v. Holt*, 255 S.W.3d 603 (Tenn. Ct. App. 2007), *quoting Scofield v. Scofield*, 2007 WL 624351, at *3 (Tenn. Ct. App. Feb. 28, 2007).

It is clear that there is a "lower threshold" for establishing a material change of circumstances in cases seeking only to change the co-parenting schedule, but the father was still required to show a material change which affected the children's best interests. Tenn. Code Ann. §36-6-101(a)(2)(C). There are no "hard and fast" rules for what will or will not constitute a change in circumstances. *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002). Generally, "it can be any unanticipated change that happens after the entry of an order of custody provided the change 'affects the child's well-being in a meaningful way.'" *Id.*

In this case, the only significant change which had occurred since the divorce and the original PPP were the father's move and his remarriage. The father's move was not significant (from Greeneville to Johnson City) as he testified that his home was only 30 minutes from the mother's home. The father's move was also not unanticipated, as he admitted that he testified at the original divorce trial that he might move. The father's work schedule had not changed significantly, as he testified that the only difference was that he was off "more Fridays", and he also testified that he did not expect that to change. There was no testimony that the move caused the children to spend too much time in transit, or the father was not able to participate in their activities, or that he was unable to spend significant time with them, or any other such proof that would show that his move was a material and unanticipated change which affected the children in a meaningful way.

The father's remarriage was not a material change of circumstances. "A marriage of either parent does not, in and of itself, constitute a material change of circumstances warranting a change in custody. It may, however, be a factor where the new spouse changes the home environment of the child." *Tortorich v. Erickson*, 675 S.W.2d 190, 192 (Tenn. Ct. App. 1984)(usually, as in *Tortorich*, this is found where there is a negative influence). In this

case, the testimony was that the children had a good relationship with their new stepmother, and that she had built that relationship with the children during the time the PPP was in place. There was no proof, however, that she had "changed the home environment" in a significant way. The father's remarriage was not an unanticipated change, since he was dating his future wife when he and the mother divorced. We have observed: "We recognize that the circumstances of children and their parents inevitably change-children grow older, their needs change, one or both parties remarry. But not all changes in the circumstances of the parties and the child warrant a change" in the PPP. *Cosner v. Cosner*, 2008 WL 3892024 (Tenn. Ct. App. 2008).

The party seeking to change the existing PPP has the burden of proving that there has been a material change of circumstances. If that party cannot demonstrate that the child's circumstances have changed in some material way, the trial court should not go forward with the "best interests of the child" analysis. *See Cosna.* In this case, the father presented no proof that there had been significant changes in the needs of the children over time, or, in fact, any changes. *See* Tenn. Code Ann. §36-6-101(a)(2)(C). There was no proof that there had been "significant changes" in the father's "living or working condition that significantly affected" his parenting, as his schedule remained largely the same, as did his home environment. *Id.* There was no proof of failure to adhere to the parenting plan, except that both parties testified the mother gave father extra time almost any time he asked for it. *Id.* The proof was that the parties got along well, that they had no disagreements regarding education, extra-curricular activities, religion, or any other issue regarding the children, that both parents had great relationships with the children, that both homes were stable and happy, and that the children were healthy and well-adjusted. As such, the evidence preponderates against the Trial Court's finding of a material change of circumstances warranting alteration of the PPP. In this regard this Court has stated:

> Trial courts are vested with wide discretion in matters involving custody of children. Accordingly, a trial court's decision regarding custody or visitation should be set aside only when it "falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." We are aware of the tremendous impact a custody decision has on the life of a child. Although trial courts must be able to exercise broad discretion in matters of child custody and visitation, **they still must base their decisions on the proof and upon the appropriate application of the pertinent principles of law.** We will not reverse a trial court's decision regarding custody unless the record clearly demonstrates that the trial court has abused its discretion. A discretionary judgment of a trial court should not be disturbed unless it affirmatively appears that "the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining."

*Cosner v. Cosner*, 2008 WL 3892024 (Tenn. Ct. App. 2008)(citations omitted)(emphasis added).

We conclude the father failed to prove a significant or material unanticipated change of circumstances which affected the children's well-being in any meaningful way. Accordingly, we reverse the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the father.

_____
HERSCHEL PICKENS FRANKS, P.J.