# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## SANDRA LITTON METZ (DODSON) v. MONTE A. METZ

**Direct Appeal from the Chancery Court for Dyer County**
**No. 95C664   J. Steven Stafford, Chancellor**

———

**No. W1999-00023-COA-R3-CV - Decided April 25, 2000**

———

This is a dispute between Monte A. Metz and Sandra Litton Metz Dodson regarding the custody of their two minor children, Christopher and Chelsea.  The trial court modified the parties' original custody arrangement by placing Christopher in the primary custody of Ms. Dodson and by placing Chelsea in the primary custody of Mr. Metz.  Because the trial court articulated an inappropriate basis for its finding that a material change in circumstances had occurred subsequent to its original custody order, we vacate the ruling of the trial court and remand the cause for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; and Remanded**

FARMER, J., delivered the opinion of the court, in which LILLARD, J., joined.  HAYES, SP.J. filed a concurring opinion.

Thomas A. Weakley, Dyersburg, Tennessee, for the appellant, Sandra Litton Metz (Dodson).

Marianna Williams, Dyersburg, Tennessee, for the appellee, Monte A. Metz.

### OPINION

Mr. Metz and Ms. Dodson married in August of 1987 and divorced in May of 1996.  Two children were born during the parties' marriage, Christopher (now age ten) and Chelsea (now age seven).  The parties' final decree of divorce incorporated a marital dissolution agreement placing Christopher and Chelsea in the parties' joint custody, providing that the children shall physically reside with Mr. Metz, and granting liberal and reasonable visitation with the children to Ms. Dodson.  In August of 1997, Ms. Dodson filed a petition asking the court to modify the parties' original custody arrangement and place Christopher and Chelsea in her sole custody.  In this petition, Ms. Dodson alleged the following as evidence of a material change in circumstances warranting a redetermination of custody:

a)      [Mr. Metz] has committed physical abuse on one or more of the minor children by choking them in an aggressive and vigorous manner, thereby endangering the health, safety and welfare of said minor child and/or children;

b)      That [Mr. Metz] has been consuming excessive amounts of alcohol during periods of time when the minor children were under his care, custody and control; [and]

c)      That [Mr. Metz] is purported to be preparing to move his residence to Atlanta, Georgia, without first seeking the permission of this Court to remove the minor children from the jurisdiction of said Court.[1]

Ms. Dodson then filed an emergency petition seeking temporary and exclusive custody of the children based on her allegation that Christopher has suffered mental, physical, and possibly sexual abuse while in the care of Mr. Metz. The trial court granted Ms. Dodson's emergency petition. By consent, the court subsequently entered an order granting temporary joint custody of the parties' minor children to Marie and David Litton, the children's maternal grandparents, and Tracie Berry Metz, Mr. Metz's current wife, designating that Chelsea shall reside primarily with Ms. Metz and that Christopher shall reside primarily with the Littons. Mr. Metz filed an answer to Ms. Dodson's petition for a change of custody denying the alleged facts that, according to Ms. Dodson, constitute a material change in circumstances. The Littons then filed a motion requesting permission to intervene in the cause. By consent, the trial court granted the motion to intervene. The Littons subsequently filed a petition requesting primary residential custody of both Christopher and Chelsea. After a hearing on the matter in October of 1998, the trial court entered an order finding in pertinent part as follows:

1.      That a material change in circumstance has occurred since the divorce of the parties in that there are serious allegations of child abuse directed at the father.

2.      That the Court has weighed the relative fitness of the parties and has determined that both parents are fit.

---

[1]Subsequent to the filing of Ms. Dodson's petition to change custody, Mr. Metz declined an offer of employment in Georgia and accepted an hourly position with his current employer in Tennessee. Additionally, the testimony at trial did not support Ms. Dodson's allegations regarding excessive consumption of alcohol on the part of Mr. Metz. Thus, the only evidence upon which the trial court could have found a material change in circumstances is the evidence presented at trial regarding the alleged abuse of the parties' children by Mr. Metz.

3. That custody of the female child, Chelesa [sic] Metz, shall be joint between the mother and father, with the father having the primary residential placement. . . .

4. That temporary custody of the male child, Christopher Metz, shall be joint between the mother and the father, with the mother having the primary residential placement. . . .

Ms. Dodson filed a motion for new trial asking the court to reconsider its ruling and place both Christopher and Chelsea in her permanent care, custody, and control. The trial court denied the motion for new trial. This appeal by Ms. Dodson followed.

When considering a petition for a change of custody, the trial court must first determine whether there has been a material change in circumstances arising subsequent to the initial decree awarding custody such that the welfare of the child or children demands a redetermination of custody. *See, e.g., Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995)(citing *Dailey v. Dailey*, 635 S.W.2d 391, 393 (Tenn. Ct. App. 1981)). If there has, in fact, been a material change in circumstances, the court must then determine whether a change of custody is in the best interests of the child. *See, e.g., Varley v. Varley*, 934 S.W.2d 659, 665-66 (Tenn. Ct. App. 1996)(quoting *Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. Ct. App. 1993)); Tenn. Code Ann. § 36-6-106 (Supp. 1999). If, however, there has not been a material change in circumstances, the court is not required to make a best interests determination and must deny the request for a change of custody. *See Placencia v. Placencia*, 3 S.W.3d 497, 499 (Tenn. Ct. App. 1999). Thus, the first issue for consideration by this Court is whether the trial court erred in finding that there has been a material change in circumstances in the case at bar. Our review in cases involving child custody is *de novo* on the record, accompanied by a presumption of correctness of the findings below. *See Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Placencia*, 3 S.W.3d at 499; *Gaskill v. Gaskill*, 936 S.W.2d 626, 631 (Tenn. Ct. App. 1996); T.R.A.P. 13(d).

At the conclusion of the hearing in the case at bar, an exchange occurred between the trial court and counsel for Ms. Dodson, as follows:

[COUNSEL]: Yes, Your Honor, by way of clarification: I believe The Court, in arriving at it's [sic] decision that there had been [a] material change [in] circumstance – I was unclear. Did The Court made [sic] a finding of abuse?

[COURT]: The Court found that there are allegations of abuse that are serious enough to warrant The Court's consideration. The Court hasn't made a specific finding of abuse. The Court finds that there has been testimony that concerns it enough, as well as allegations about the parents, that reached a material change in circumstance. According to the statute, 36-6-106, I am not making a specific finding of abuse,

no. Not without further clarification from some independent person.

Consistent with these comments, the trial court subsequently entered an order finding "[t]hat a material change in circumstance has occurred since the divorce of the parties in that there are serious allegations of child abuse directed at the father." Thus, the court's finding of a material change in circumstances was based solely on Ms. Dodson's allegation that Mr. Metz abused the parties' children.

There are no "hard and fast" rules regarding what constitutes a material change in circumstances. *See Dantzler v. Dantzler*, 665 S.W.2d 385, 387 (Tenn. Ct. App. 1983). In a case involving proven acts of abuse by the custodial parent toward the children, there would undoubtedly be a material change in circumstances warranting a redetermination of custody. However, mere allegations of abuse are insufficient to establish such a change in circumstances. To hold otherwise would be to render the requirement of changed circumstances meaningless, as the party seeking a change of custody could satisfy this requirement simply by alleging facts that may or may not be supported by the evidence.

In the instant case, the trial court was presented with ample evidence upon which it could have made a finding regarding whether Mr. Metz had abused the parties' children. The court declined to make such a finding, however, instead making a finding of changed circumstances based solely on the allegations of Ms. Dodson. Because this is an inappropriate basis for a finding of changed circumstances, we vacate the ruling of the trial court. On remand, the court is instructed to determine whether Ms. Dodson has proven by a preponderance of the evidence that there has been a material change in circumstances occurring subsequent to the parties' divorce decree such that the welfare of Christopher and Chelsea demands a redetermination of custody.[2] If, and only if, the trial court answers this question in the affirmative may it then compare the parental fitness of the parties and devise a modified custody arrangement that is in the best interests of the children.

We note that the trial court stated expressly that its order changing custody was "temporary" and that a final custody determination would be made at an undetermined date after the parties underwent counseling and the guardian ad litem supplied the court with periodic updates. However, the trial court had heard all of the evidence the parties could present on the issue of abuse and a material change in circumstances. Despite this, the trial court declined to make a finding on the issue of abuse and instead changed custody in a "temporary" order of indefinite duration. While permission for an interlocutory appeal could have been sought, the parties had no way to bring the matter to resolution and obtain a final order that was appealable as of right. Thus, instead of simply remanding the case as an inappropriate appeal from a temporary order, we find it necessary to remand with specific instructions to render a finding on material change in circumstance and a final custody order.

_____

[2]The burden is on the party seeking a change of custody to prove the existence of a material change in circumstances warranting a modification of custody. *See Musselman v. Acuff*, 826 S.W.2d 920, 922 (Tenn. Ct. App. 1991).

Based on the foregoing, the ruling of the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion. The costs of this appeal are assessed to Mr. Metz, for which execution may issue if necessary.