**J. B. RICHARDSON, et al., Appellants,**

v.

**MOTHER BLUES, INC., et al., Appellees.**

**No. B2685.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 17, 1981.

Henry A. Popkin, Susman & Kessler, Houston, for appellant.

Timothy A. Noel, Houston, for appellee.

Before PRESSLER, MURPHY and ROBERTSON, JJ.

PRESSLER, Justice.

This is an appeal from a directed verdict denying appellants claim for indemnity. The trial court held, as a matter of law, that the attorneys' fees and expenses incurred by appellants were not "liabilities and obligations" covered by the indemnity clause in the sales agreement.

On December 29, 1967 Mother Blues, Inc. leased premises from the L.S.S. Corporation for use as a nightclub. Subsequently, Mother Blues failed to pay admission taxes to the State. On November 6, 1969 J. B. Richardson and W. R. Knowles (hereafter appellants) sold their interest in Mother Blues back to such corporation. The sales agreement for the stock included a hold harmless and indemnity clause. On December 8, 1969 the State imposed a statutory lien on the leased premises. On August 16, 1973 the State filed suit in Travis County against Mother Blues for the admission tax delinquency and against L.S.S. for foreclosure of the statutory lien (hereafter "Travis County suit"). L.S.S. cross-claimed against Mother Blues for indemnity from any liability it might incur for the failure of Mother Blues to pay admission taxes from April 1, 1968 to September 30, 1970 and against appellants and appellees under their guaranty for any liability L.S.S. might incur by the failure of Mother Blues to pay admission taxes between January 1, 1968 and September 30, 1969. Appellants also cross-claimed against appellees under the indemnity agreement for any liabilities, expenses, or attorneys' fees which appellants might incur as a result of the Travis County lawsuit. On January 30, 1975 the district court granted the State a summary judgment for $13,527.77 against Mother Blues and for foreclosure of the State's statutory lien on the leased premises owned by L.S.S. The court then granted L.S.S. a summary judgment on its cross-claim for indemnity and attorneys' fees against Mother Blues, appellants and appellees in the sum of $18,527.77.

The court also granted appellants a summary judgment against appellees for $22,-941.26 awarding attorneys' fees and expenses under the indemnity agreement.

Appellants and appellees appealed the summary judgment granted to L.S.S. and the summary judgment was affirmed. *Bernard v. L.S.S. Corporation*, 532 S.W.2d 409 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). Application for Writ of Error to the Supreme Court was denied and the Motion for Rehearing was overruled.

On November 12, 1976 L.S.S. filed suit against appellants and appellees in Harris County (hereafter "Harris County suit") seeking recovery of the attorneys' fees incurred in the appeal of the Travis County suit. The trial of the Harris County suit resulted in judgment for both appellants and appellees. Appellants incurred legal fees and expenses in the Harris County suit for which they now seek reimbursement under the indemnity clause of the sales agreement.

Appellants contend that the attorneys' fees and expenses incurred in defending the Harris County lawsuit are recoverable under the terms of the indemnity clause of the sales agreement and that appellant is entitled to recover attorneys' fees in this case under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980–81).

The pertinent part of the clause in the sales agreement is as follows:

"Purchaser [Mother Blues, Inc.] shall remain liable for, and agrees to hold Sellers [J. B. Richardson and W. R. Knowles] harmless from and indemnify Sellers against, all obligations and liabilities now existing, whether known or unknown, and all liabilities and obligations heretofore incurred by Sellers, or which may have arisen in connection with the operation of said business prior to the time that possession thereof was turned over to Purchaser, and Purchaser shall also be responsible for all liabilities and obligations incurred by them in the operation of the business subsequent to the date Purchaser took over possession of said property and business, and all income derived by Purchaser therefrom shall be retained by them as their sole and exclusive property without any obligation to Sellers or anyone claiming by, through, or under Sellers. . . ."

■ There being no contention of ambiguity, the intention of the parties must be determined from the language of the agreement. The liability of the indemnitor is limited to the terms of the agreement. *Mitchell's Inc. v. Friedman*, 157 Tex. 424, 303 S.W.2d 775 (1957).

■ Here appellees agreed to indemnify appellants against "liabilities *now* existing . . . and obligations *heretofore* incurred by Sellers [appellants] or which may *have arisen* in connection with the operation of said business *prior* to the time that possession thereof was turned over. . ." (emphasis added). The time reference of these words covers only obligations and liabilities existing at the time of the contract or those which had already accrued. Clearly, the claim herein is not within this time period. The suit was filed over eight and one-half years after the signing of the sales agreement and connected to the business only remotely through an attenuated set of appeals over a separate indemnity clause and guaranty contained in the lease agreement.

■ Appellant cites the continuation of the clause which says ". . . Purchaser shall also be responsible for all liabilities and obligations incurred by *them* in the operation of the business subsequent to the date Purchaser took over possession of said property and business . . ." (emphasis added). Appellant would have us believe that the word "them" refers to the appellants (sellers). As with any contract, the full context of an indemnity clause is to be read in determining its meaning. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980). In context it is clear that the word "them" could refer only to the Purchaser. The doctrine of *strictissimi juris* should be applied to prevent liability from being extended beyond the terms of the agreement. *Ohio Oil Co. v. Smith*, 365 S.W.2d 621 (Tex.1963).

We conclude that this indemnity clause does not entitle appellant to recover attorney's fees which are incurred through derivative litigation. *Southwest Nat. Bank v. Employers' Indemnity Corporation, et al.,* 12 S.W.2d 189 (Tex.Com.App.1929, jdgmt. adopted).

The judgment is affirmed.