IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 7, 2000 Session

## SHARON S. SARLI KELLY v. GEORGE LEROY EVANS, III

**Appeal from the Juvenile Court for Sullivan County**
**No. J20687   Steven H. Jones, Judge**

**FILED DECEMBER 27, 2000**

**No. E1999-00417-COA-R3-CV**

---

This is a suit initiated by Sharon S. Sarli (now Kelly) against George Leroy Evans, III, wherein she sought a determination that he was the father of her child. After Mr. Evans stipulated that he was indeed the father of the child, the Referee and the Juvenile Judge made various determinations relative to custody, child support and the like. Mrs. Kelly, being dissatisfied with a number of the determinations in the Referee's last order which on appeal was in the main affirmed by the Juvenile Judge, filed this appeal. We vacate the judgment of the Juvenile Court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. Michael Swiney, JJ., joined.

John P. Chiles, Kingsport, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for Appellant Sharon S. Sarli Kelly

David W. Blankenship, Kingsport, Tennessee, for Appellee George Leroy Evans, III

**OPINION**

Sharon S. Sarli (now Kelly), Petitioner-Appellant, appeals a judgment of the Juvenile Court for Sullivan County, wherein the Trial Judge entered an order which essentially affirmed all the determinations of the Referee, whose order was appealed to the Juvenile Court.

Mrs.Kelly raises the following five issues:

I.      WHETHER THE REFEREE ERRED IN ALLOWING FATHER TO ASSERT CLAIMS FOR RELIEF WITHOUT GIVING MOTHER NOTICE OF THOSE CLAIMS PRIOR TO TRIAL.

II.      WHETHER THE JUVENILE COURT ERRED BY FAILING TO GRANT MOTHER A FULL, EVIDENTIARY HEARING ON THE ISSUES PRESENTED.

III.      WHETHER THE LOWER COURTS ABUSED THEIR DISCRETION IN SETTING THE VISITATION SCHEDULE.

IV.      ASSUMING THAT THIS COURT REVERSES THE JUDGMENT OF THE LOWER COURTS AND ADOPTS MOTHER'S PROPOSED VISITATION SCHEDULE, WHETHER FATHER SHOULD BE ORDERED TO PAY CHILD SUPPORT IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

V.      IN THE ALTERNATIVE, WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN MAINTAINING A 20% DEVIATION FROM THE CHILD SUPPORT GUIDELINES WHEN FATHER'S SALARY HAS INCREASED BY $7,000 AND WHERE THE VISITATION SCHEDULE, AS MODIFIED BY THE COURT, REDUCES FATHER'S VISITATION TO THE RANGE ASSUMED BY THE CHILD SUPPORT GUIDELINES.

Our reading of the record and the briefs filed by the parties persuades us that issue two is dispositive of this appeal.

T.C.A. 37-1-107(e), relative to appeals of a referee's decision, provides the following:

(e) Any party may, within five (5) days thereafter,[1] excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a referee, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the referee shall be the decree of the court pending a rehearing.

---

[1]   After determination by the Referee.

In this case the Juvenile Judge, on his own volition, determined to hear the matter on the record made at the hearing before the Referee. Thus, the question is presented whether the Statute contemplates a traditional hearing *de novo* as in an appeal from a general sessions court to a circuit court, or a *de novo* hearing based upon the record of the hearing before the Referee.

We have not found a case directly on point, but it seems to us that the language in the Statute, "shall allow a hearing" contemplates a traditional *de novo* hearing. Our conviction in this regard is buttressed by the cases of Jarrett v. Starkey, 1998 WL 202491 (Tenn.Ct.App.) and Hickerson v. Finchum, 1997 WL 21189 (Tenn.Ct.App.), wherein, although the issue was not specifically raised, it is clear that witnesses testified before the juvenile court on appeal.

Our disposition of issue two renders moot the other issues raised by Mrs. Kelly.

For the foregoing reasons the judgment of the Juvenile Court is vacated and the cause remanded for a *de novo* trial in that Court. Costs of appeal are adjudged against Mr. Evans.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE