IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 19, 2006 Session

## DENISE KISSICK v. EDWARD KALLAHER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005302-04     George H. Brown, Judge**

_____

**No. W2004-02983-COA-R3-CV - Filed May 18, 2006**

_____

The juvenile court dismissed Mother's dependency and neglect petition. Mother appealed to circuit court, which dismissed her appeal without a hearing or presentation of evidence. Mother appeals. We vacate the order of dismissal and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Vanessa G. Keeler, Memphis, Tennessee, for the appellant, Denise Kissick.

Mitchell D. Moskovitz and Cynthia A. Pensoneau, Memphis, Tennessee, for the appellee, Edward Kallaher.

**OPINION**

The facts pertinent to this appeal are undisputed. Denise Kissick ("Mother") and Edward Kallaher ("Father") are the unmarried parents of a minor child ("Child") born in early 1994. In July 1994, Father filed a petition with the Juvenile Court of Memphis and Shelby County alleging six-month old Child was dependent and neglected while in Mother's custody. The court appointed a CASA worker in September 1994. In November 1994, the court found Child was dependent and neglected and "living with the mother in an unsanitary and immoral environment . . . ." However, the court awarded custody to Mother and visitation to Father.

In 1996, Mother placed Child in Father's custody. In March 1998, Mother removed Child from Father, and Father filed a petition alleging dependency and neglect. The matter was heard in May 1998; Father was awarded custody and Mother was awarded visitation.

In August 2000, Mother filed a petition to modify and for custody. Following an October hearing, the trial court declined to change custody and modified the order slightly with respect to visitation arrangements.

When the current dispute between the parties arose in January 2004, Mother was living in Indiana and Father in Memphis. On January 6, 2004, Father filed a petition for contempt, to modify Mother's parenting time, and for child support. In his petition, Father alleged Mother failed to return the Child from holiday visitation on January 3, as agreed.[1] On January 7, Mother filed a petition to modify visitation and custody and alleging Child was dependent and neglected. On April 13, Mother filed an amended petition specifically alleging Child was dependent and neglected. The juvenile court referee heard the matter on April 13.

Following the April 13, 2004 hearing, the juvenile court sustained Father's petition; reduced Mother's visitation to supervised, daytime visitation one Saturday per month, for at least six months, in Shelby County; ordered Mother to pay child support and retroactive support; dismissed Mother's petition to modify; dismissed Mother's petition for dependency and neglect; and ordered Mother to pay Father's attorney's fees. Mother requested a hearing before a judge, and the juvenile court appointed a guardian ad litem. In July 2004, Father filed a petition for contempt alleging Mother had failed to pay child support. The court issued an attachment pro corpus and required Mother to post bond following a hearing which Mother failed to attend.

The matter was ultimately heard in August 2004 by juvenile referee Haltom, acting as special judge. The court dismissed Mother's petition to modify and her petition for dependency and neglect; dismissed Father's petition for contempt and set aside the order of attachment; modified visitation; ordered Mother to post a $500 performance bond; ordered that no unmarried persons shall spend the night in parties' home when Child was present and that Father's brother would not be in Father's home while Child was there; ordered Mother to pay child support by income assignment; and ordered Mother to pay Father's attorney's fees.

On September 2, 2004, Mother filed a notice of appeal to Shelby County Circuit Court. The circuit court dismissed the matter on January 3, 2005. Mother filed a notice of appeal to this Court and in June 2005 filed a notice of no trial transcript. We vacate the trial court's order of dismissal and remand for further proceedings.

---

[1] In her brief to this Court, Mother asserts that, in January 2004, she sought an emergency protective custody order while Child was visiting her over the Christmas holidays. Mother alleges she was concerned for Child's safety because Child (now ten years of age) expressed discomfort with her uncle who lived in Father's home. She asserts the petition was denied and that she returned Child to Father's custody on January 4.

## Issue Presented

The issue presented for our review, as we perceive it and as presented at oral argument,[2] is whether the circuit court erred when it dismissed Mother's appeal of the juvenile court's dismissal of her dependency and neglect petition without a hearing or the presentation of any evidence in the matter, but only upon statements of counsel and the guardian ad litem in chambers.

## Analysis

The parties do not dispute that the juvenile court had jurisdiction over Mother's dependency and neglect petition or that, under Tennessee Code Annotated 37-1-159(a), appellate jurisdiction over dependency and neglect orders is within the circuit court.[3] The Code provides:

> The juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, except a proceeding pursuant to § 37-1-134, may be made to the criminal court or court having criminal jurisdiction that shall hear the testimony of witnesses and try the case de novo; and any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition. If a rehearing of a matter heard by a referee is not requested or provided pursuant to § 37-1-107(e), the date of the expiration of the time within which to request rehearing shall be the date of disposition for appeal purposes, and the parties and their attorneys shall be so notified by the referee. If there is a rehearing by the judge, the appeal period shall commence the day after the order of disposition is entered.

Tenn. Code Ann. § 37-1-159(a)(2005). The parties also do not dispute that, in this case, the circuit court did not hear the sworn testimony of witnesses or conduct a trial. Rather, the court "heard" only statements of the parties' attorneys and the guardian ad litem in chambers. Thus, the issue before us is whether the proceedings in the circuit court constituted a *de novo* trial as required by the statute. They did not.

---

[2] In his brief to this Court, Father asserts this appeal should be dismissed for failure to follow the rules of appellate procedure. Except for Rule 4 regarding the time for filing a notice of appeal, this Court may waive the rules of appellate procedure. Tenn. R. App. P. 2. Assuming, arguendo, Mother has failed to follow the rules of procedure, in light of the nature of the matter before us, we suspend application of the rules of procedure in this case.

[3] In his brief to this Court, Father asserts the issues are not properly before the Court because the proceeding below was not a dependency and neglect proceeding appealable to circuit court, but a custody proceeding which should have been appealed to this Court. In light of the record and the parties' assertions at oral argument, we agree with Mother that the matter appealed to circuit court arose from her dependency and neglect petition. Accordingly, under Tennessee Code Annotated § 37-1-159(a), appellate jurisdiction was within the circuit court.

This Court previously has addressed the question of what constitutes a *de novo* hearing under Tennessee Code Annotated § 37-1-107(e), which provides:

> Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a referee, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the referee shall be the decree of the court pending a rehearing.

Tenn. Code Ann. § 37-1-107(e)(2005). In *Kelly v. Evans*, we held that a "hearing" under that subsection of title 37, chapter 1, contemplated "a traditional hearing *de novo* as in an appeal from a general sessions court to a circuit court" and not a *de novo* hearing based on the record of a hearing before a juvenile court referee. *Kelly v. Evans*, 43 S.W.3d 514, 515 (Tenn. Ct. App. 2001). Accordingly, we held that the juvenile court judge had erred in reviewing the matter on the record. *Id.* We vacated the judgment of the juvenile court and remanded for a *de novo* trial. *Id.*

Tennessee Code Annotated § 37-1-159(a) unambiguously contemplates a *de novo* trial which includes "testimony of witnesses." A *de novo* trial is "[a] new trial on the entire case - that is, on both questions of fact and issues of law - conducted as if there had been no trial in the first instance." *Black's Law Dictionary* 1544 (8th ed. 2004). Unsworn statements made by counsel and a guardian ad litem in chambers constitute neither "testimony" nor trial. *See Kelly,* 43 S.W.3d at 515-15*; Wyatt v. Lassiter,* 299 S.W.2d 229, 237 (Tenn. App. 1957).

Although we are not insensitive to the fact that these parties have engaged in almost continual litigation for over ten years, Mother is entitled to a *de novo* trial of her dependency and neglect petition in the circuit court. This Court urges the parties, however, to work together to resolve their differences in the best interests of their child.

### *Holding*

In light of the foregoing, the judgment of the trial court is vacated, and this matter is remanded to the circuit court for further proceedings consistent with this opinion. Father's request for attorney's fees on appeal is denied. Costs of this appeal are taxed to Appellee Edward Kallaher.

_____
DAVID R. FARMER, JUDGE