IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2024

**JACOB CIPOLLA v. SYLVIA COUTRAS**

**Appeal from the Juvenile Court for Williamson County**
**No. 38610-2019-DN-183      Sharon Guffee, Judge**

_____

**No. M2023-00890-COA-R3-JV**

_____

This appeal stems from a petition for a parenting plan modification filed by Jacob Cipolla ("Father"). Father shares one child with Sylvia Coutras ("Mother"). The parties engaged in contentious and protracted litigation over the custody of their child. In October of 2022, a juvenile court magistrate entered an order naming Father as the child's primary residential parent. Mother sought a rehearing before the juvenile court judge pursuant to Tennessee Code Annotated section 37-1-107 but later withdrew that request. The juvenile court subsequently entered an order awarding Father his attorney's fees as the prevailing party. Mother appeals that ruling to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Rebecca E. Byrd, Franklin, Tennessee, for the appellant, Sylvia Coutras.

Jacob Cipolla, Franklin, Tennessee, pro se appellee.

**OPINION**

**BACKGROUND**

Mother and Father share one five-year-old child (the "Child"). On January 27, 2020, Father filed a petition to establish paternity and custody of the Child in the Juvenile Court for Williamson County (the "juvenile court"). On July 22, 2020, Mother counter-petitioned for child support and filed a competing proposed parenting plan. The initial parenting plan (the "Plan") entered by the trial court on August 21, 2020, named the parties joint primary residential parents. The Plan granted the parties equal parenting time

and deemed Mother and Father joint decision-makers on parenting matters such as education, non-emergency health care, religious upbringing, and extracurricular activities.

On May 6, 2021, Father filed a petition to modify the Plan and to be named as the primary residential parent. Father also asked the juvenile court to limit Mother's parenting time to supervised time and to require Mother to submit to random drug screenings. Father asserted that a material change in circumstances impacting the Child's well-being occurred since the Plan was established in August of 2020. Father cited Mother's failure to consistently exercise her parenting time as the material change. The record reflects that in many instances, Mother's parents cared for the Child during Mother's parenting time.

Since Father filed his 2021 petition, the parties have engaged in protracted litigation, much of which is not ultimately relevant to the sole issue on appeal. Most of the proceedings took place before a juvenile court magistrate. The magistrate began its hearing on Father's modification petition on March 29, 2022, and, in an order entered October 28, 2022, concluded that Father met his burden of proof in showing a material change in circumstances.[1] The magistrate noted that in January of 2021, Mother's whereabouts were unknown to Father for nearly four months. Mother's drug and alcohol use also interfered with Mother's performance of parenting responsibilities because, during her absence, there was substantial nonperformance of her duties. *See* Tenn. Code Ann. § 36-6-406(d)(1) & (3). The magistrate also held that the best interest factors weighed in Father's favor and named Father primary residential parent. The magistrate concluded that if Mother maintained sobriety and improved in fulfilling her parenting responsibilities, she could regain a more significant role in the Child's life, potentially including more parenting time.

On November 10, 2022, Mother filed a document titled "Request for Hearing Before the Judge." The request cites Tennessee Code Annotated section 37-1-107(d), which provides an avenue for juvenile court judges to review a juvenile court magistrate's final order. The rehearing was set for January 12, 2023 but was later continued to April 24, 2023.

In the interim, Mother filed a motion for emergency parenting time, which the magistrate denied. Additionally, Father filed a "Motion for Drug Testing, Proof of Counseling, and to Extend Supervised Parenting Time." Father asked that the juvenile court order Mother to comply with drug and alcohol screenings due to her erratic behavior and failure to follow the modified parenting plan. He also asked that until the April 24, 2023 rehearing, Mother's parents supervise her parenting time. On February 9, 2023, the juvenile court judge issued an order requiring both Mother and Father to submit to a fingernail test for drugs and alcohol. Father was negative for the ten-panel drug test and positive for alcohol. On February 13, 2023, the juvenile court judge ordered that both

---

[1] The hearing on Father's petition to modify stretched over three non-consecutive days in the summer of 2022, concluding on September 19, 2022.

Mother and Father refrain from alcohol consumption during their parenting time and submit to random drug and alcohol tests at the Williamson County Detention Center until the rehearing on April 24, 2023. A week and a half later, Mother was caught attempting to use fake urine when she appeared for a random drug screen. As a result, Father filed a motion for a Temporary Restraining Order, which the juvenile court judge granted, limiting Mother's parenting time to every other Saturday afternoon at her parents' house.

Meanwhile, Mother's petition for a rehearing before the juvenile court judge remained pending and was continued to April 28, 2023. However, on that date, Mother filed a document titled "Notice of Voluntary Dismissal of Appeal to Juvenile Court Judge" dismissing her request for the juvenile court to review the magistrate's ruling pursuant to Tennessee Code Annotated section 37-1-107. On May 10, 2023, Father filed a motion for attorney's fees along with a fee affidavit.

On June 8, 2023, the juvenile court granted Father's motion for attorney's fees, relying on Tennessee Code Annotated section 36-5-103(c). The juvenile court explained that Father was the prevailing party as to the modification petition because the magistrate resolved the petition in Father's favor, and Mother then withdrew her request for a rehearing of the magistrate's decision. The juvenile court also reasoned that an award of fees was proper due to Mother's "deceptive and dangerous" behavior in the proceedings and noted that if there were ever a case in which attorney's fees would be appropriate, it would be a case such as this one. Mother timely appealed to this Court.

## ISSUE

Mother raises a single issue on appeal which we restate slightly:

I.    Whether the trial court erred in granting Father attorney's fees after Mother filed a voluntary nonsuit of her motion for rehearing before the juvenile court judge?

Father did not file a brief to this Court and therefore raises no issues on appeal.

## DISCUSSION

### I.    Nonsuit versus rehearing

The crux of Mother's argument to this Court is that the juvenile court lost the jurisdiction to order attorney's fees once Mother dismissed her request for rehearing before the juvenile court. Mother likens this case to cases in which courts have held that no action may be taken by a trial court once a notice of nonsuit is filed; indeed, she argues that "[t]he juvenile court lost jurisdiction to make any further rulings regarding attorney fees once Mother filed her voluntary notice of dismissal." Having reviewed the record, however, we

conclude that Mother misapprehends the procedural posture of the case and that the mandates of Tennessee Rule of Civil Procedure 41.01 are inapplicable here.

In relevant part, Rule 41.01 provides:

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties . . .

Tenn. R. Civ. P. 41.01(1). The rule grants plaintiffs a broad right to dismiss an action at any time before the trial begins by filing a written notice of dismissal and serving it on all parties. *See J.E.T., Inc. v. Hasty*, No. M2023-00253-COA-R3-CV, 2024 WL 1156558 (Tenn. Ct. App. Mar. 18, 2024), *no perm. app. filed* ("[T]he general rule is that a party has a free and unrestricted right to voluntarily dismiss an action until trial." (quoting *Britt v. Usery*, No. W2022-00256-COA-R3-CV, 2024 WL 195879, at *3 (Tenn. Ct. App. Jan. 18, 2024), *no perm app. filed*)). The ability to take a nonsuit is a "free and unrestricted right belonging to the plaintiff" and "is not dependent on any action of the trial court." *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130 (Tenn. Ct. App. 2014).

The flaw in Mother's argument that the juvenile court lacked jurisdiction to award Father his attorney's fees because she filed a nonsuit is that Mother mischaracterizes the procedural posture of the case. First, Rule 41.01 specifies that a plaintiff may file a notice of voluntary nonsuit in order to dispose of his or her action. Here, Mother was the respondent in the action at issue, which was Father's petition to modify. Mother's attempt to characterize the withdrawal of her request for rehearing as a nonsuit is unavailing because the action is not hers to nonsuit. By Mother's logic, her request for a rehearing before the juvenile court judge creates an entirely separate action which Mother can voluntarily dismiss. However, neither section 37-1-107 nor any authority cited by Mother supports this theory.

On November 10, 2022, Mother filed a request for rehearing as to the magistrate's final order pursuant to Tennessee Code Annotated section 37-1-107(d), the applicable version of which[2] states in relevant part that "[a]ny party may, within ten (10) days after entry of the magistrate's order, file a request with the court for a de novo hearing by the judge of the juvenile court." This statute

require[s] the juvenile court judge to conduct "a traditional *de novo* hearing" when a party requested a new hearing from a magistrate's order. *Kelly v.*

---

[2] Section 37-1-107 was amended effective April 25, 2023.

- 4 -

*Evans*, 43 S.W.3d 514, 515 (Tenn. Ct. App. 2000). Under this version of the statute, "a full evidentiary trial" was required following a timely request for a hearing before the judge, and the judge was required to "'decide the issues without deference to the magistrate's actions.'" *Stine v. Jakes*, No. M2021-00800-COA-R3-JV, 2022 WL 2297647, at *10 (Tenn. Ct. App. June 27, 2022) (quoting *In re Piper H.*, No. W2015-01943-COA-R3-JV, 2016 WL 5819211, at *6 (Tenn. Ct. App. Oct. 5, 2016)).

*Ferguson v. Traughber*, No. M2023-01052-COA-R3-JV, 2024 WL 3273631, at *3 (Tenn. Ct. App. July 2, 2024). Again, this statute does not contemplate that a request for a rehearing creates an entirely new action as Mother would have us find; rather, it entitles the movant to a de novo review of the magistrate's decision.[3] For example, the statute provides that a juvenile court judge

> may direct that any case or class of cases over which the juvenile court has jurisdiction shall be heard in the first instance by the magistrate. These cases shall be conducted in the same manner as cases heard by the judge. In the conduct of the proceedings, the magistrate shall have the powers of a judge and shall have the same authority as the judge to issue any and all process.

Tenn. Code Ann. § 37-1-107(b).[4] Consequently, an appointed magistrate has the same power as a juvenile court judge to rule on cases. By way of another example, the applicable version further provides that "[a]ll parties to the hearing before the magistrate shall be parties to a de novo hearing before the judge." *Id.* § 37-1-107(g). Based on the statute's plain language, we cannot endorse Mother's theory that seeking the juvenile court judge's review under section 37-1-107(d) creates a new cause of action, any more than the filing of a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend a judgment would create a new cause of action by the movant.

To reiterate, here, the juvenile court granted Mother's request for rehearing on December 8, 2022. Mother filed a "Notice of Voluntary Dismissal of Appeal to the Juvenile Court Judge" on April 28, 2023. That dismissal applied to Mother's request for a rehearing, not to the initial action that Father filed and prevailed in.[5] Although Mother was free to withdraw or strike her request for rehearing in the same way a movant can strike any motion he or she makes, that is not the same as filing a voluntary dismissal of one's

---

[3] Under the amended version of the statute, "[t]he juvenile court judge shall afford the magistrate's findings, conclusions, and recommendations a presumption of correctness." Tenn. Code Ann. § 37-1-107(d)(1)(D).

[4] Subsection (b) remains unchanged in the amended version of section 37-1-107.

[5] Notably, Mother's notice of dismissal does not mention or cite Rule 41.01. It merely states that Mother is "voluntarily dismissing her appeal" of the magistrate's ruling.

own action with the effect of depriving the court of jurisdiction. The juvenile court was not deprived of jurisdiction over any lingering issues in the original case and was free to adjudicate Father's request for attorney's fees as the prevailing party in the modification action.

## II.    Attorney's Fees

Having determined that Mother did not nonsuit this case in the juvenile court, the real issue before us is the propriety of the juvenile court's attorney's fees award. We conclude that the juvenile court did not abuse its discretion in granting Father his attorney's fees. The juvenile court made this award pursuant to Tennessee Code Annotated section 36-5-103(c), which provides:

> A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the nonprevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

The decision to award attorney's fees under subsection 36-5-103(c) is within the trial court's discretion. *Richardson v. Spanos*, 189 S.W.3d 720, 729 (Tenn. Ct. App. 2005). We review a trial court's decision concerning attorney's fees under the abuse of discretion standard. We will only reverse a trial court's decision where it applies an incorrect legal standard, reaches an illogical decision, bases its decision on a clearly erroneous assessment of evidence, or employs reasoning that causes an injustice to the complaining party. *Id.* (citing *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003); *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001)). To be considered a prevailing party under section 36-5-103(c), a party must have achieved some judicially sanctioned relief on the merits of their claim to be eligible for such an award. *Wilson v. Wilson*, No. M2023-01026-COA-R3-CV, 2024 WL 1577423, at *4 (Tenn. Ct. App. Apr. 11, 2024).

Here, Father received judicially sanctioned relief from the juvenile court because it modified the permanent parenting plan that was initially in place. The initial permanent parenting plan gave both Mother and Father equal parenting time, while the order entered by the magistrate on October 28, 2022, granted more parenting time to Father, named him primary residential parent, and required Mother to have supervised parenting time. Under the circumstances of this particular case, Father was clearly the prevailing party. The trial court did not abuse its discretion in awarding Father his reasonable attorney's fees.[6]

---

[6] Mother makes no argument on appeal as to the propriety of the attorney's fees award. Rather, Mother argues only that the juvenile court lacked jurisdiction to award fees at all.

## CONCLUSION

For the foregoing reasons, we affirm the juvenile court's judgment in all respects and remand the case for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellant, Sylvia Coutras, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE